UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENYA BROWN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:20cv1202(KAD) |
| | : |
| DR. RICARDO RUIZ, ET AL.,<br>    Defendants. | :<br>: |

**ORDER**

The plaintiff, Kenya Brown, currently incarcerated at Cheshire Correctional Institution ("Cheshire"), initiated this action on August 18, 2020, by filing a prisoner's application to proceed *in forma pauperis* accompanied by an inmate account statement showing deposits to and withdrawals from his inmate account over an eight-month period. On August 28, 2020, Magistrate Judge William I. Garfinkel granted Brown's application to proceed *in forma pauperis* because Brown's inmate account statement reflected a balance of $14.05 as of August 14, 2020. *See* Order, ECF No. 8.  A closer examination of Brown's inmate account shows that he received $3,000.00 on February 6, 2020 and $500.00 on March 18, 2020[1] as proceeds from settlements, giving him a balance of $3,411.90.  Since February 2020, in addition to regular payments presumably for a prison job, Brown received other deposits of $350.00.  Thus, he has had deposits exceeding $3,850.00 in the seven months prior to filing this action.  During that same time, Brown made purchases at the commissary and regularly sent money out of the facility.  For

---

[1] The Department of Correction initially placed a hold on the $500.00 deposit but lifted the hold on April 2, 2020. Doc. No. 3 at 3.

example, on April 6, 2020, he sent out $1,000.00 and on July 6, 2020, within weeks of bringing this action, he sent out $1,600.00, reducing his balance to $16.73.  *See* Doc. No. 3.

All litigants must make decisions about how to spend their money when they are contemplating litigation.  "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

The Second Circuit has denied a motion to proceed *in forma pauperis* on appeal and affirmed the denial of the motion to proceed *in forma pauperis* in the district court and the dismissal of the district court case with prejudice where an inmate omitted from his application to proceed *in forma pauperis* $2,509.10 in deposits to his inmate account even though he was an experienced litigator familiar with the *in forma pauperis* process and did not "credibly explain or correct his declarations when given an opportunity to do so."  *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 115-16 (2d Cir. 2012).  District courts also deny *in forma pauperis* status under similar circumstances.  *See Waters v. King*, 11 Civ. 3267, 2012 WL 1889144, at *1 (S.D.N.Y. May 24, 2012) ("Given the totality of the circumstances in this case- including, but not limited to, Waters's deliberate attempt to conceal funds to qualify for IFP status in the first instance [by failing to disclose that he had deposited [$600.00] settlement payment received three weeks before filing IFP into credit union account rather than

2

inmate account] and his blatantly false statements to the Court when confronted with the omission-dismissal under Section 1915(e)(2)(A) is justified."); *Vann v. Horn*, No. 10 CV. 6777 PKC, 2011 WL 3501880, at *3-4 (S.D.N.Y. Aug. 9, 2011) (omission in application to proceed *in forma pauperis* of receipt of over $10,000.00 as a settlement payment and transfer of payment to relatives approximately three months prior to filing application constituted bad faith misrepresentation of assets and warranted dismissal of case with prejudice); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004) (dismissing action with prejudice because plaintiff "created an illusion of poverty through a series of deceptive acts"; she deliberately concealed her finances and available assets in her motion to proceed *in forma pauperis* by directing attorneys to send $13,500.00 in settlement payments to her mother and by prohibiting deposits to her prison account in order "to convey the impression that she could not pay the filing fee"); *see also, Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation").

 Brown had sufficient funds to pay the filing fee in this case but chose to spend those funds on other things to render himself eligible for *in forma pauperis* status. This is not the proper use of the *in forma pauperis* statute. *See Vann*, 496 F. App'x 115 ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'") (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)).

Further, it is manifest that Brown did not answer truthfully question six on the application to proceed *in forma pauperis. See* ECF No. 2 at 2. Question six seeks information regarding any amount or amounts of money received by a prisoner from any source within the twelve-month period prior to filing the *in forma pauperis* application. *Id.* In answering question six on the application to proceed *in forma pauperis*, Brown stated that he had received no money from any source over the last twelve months. *See* ECF No. 2 at 2.

In completing and signing the application to proceed *in forma pauperis*, Brown stated that he understood that he "must support [his] claim of poverty by truthfully answering all of the . . . questions" on pages two and three of the application and that he "[could] be prosecuted for perjury if [he] lie[d] on th[e] application." *Id.* at 2. The application also included a section on page three titled "DECLARATION UNDER PENALTY OF PERJURY." *Id.* at 3. Brown signed this section of the application declaring "under penalty of perjury that the information [he] ha[d] provided ... [was] true and correct." *Id.*

Quite troubling, this is not the first time Brown has deceived the Court in this manner.[2] In a prior civil rights action, *Brown v. Maurer, et al.*, Case No. 3:18cv1236 (DJS), the defendants moved to dismiss the complaint on the ground that Brown had misrepresented his financial status by failing to accurately answer question six on multiple applications to proceed *in forma pauperis* filed in the action. There, as here, the issue presented was Brown's failure to include thousands of dollars in settlement proceeds. Although the court denied the motion to dismiss, the Court warned Brown:

---

[2] In *Brown v. Cook,* 3:20 cv 985 (KAD), pending in this Court since July 2020, Brown sought to proceed *in forma pauperis* and in that case, he similarly failed to include the settlement proceeds in his application. Accordingly, a similar order to that entered here is issuing in that case.

4

> The plaintiff is on notice that in filing any future application to proceed *in forma pauperis*, he must respond to all questions in the application truthfully and accurately. Furthermore, in response to question six on page two of the Prisoner IFP, the plaintiff must include a description of each amount of money received by him within the twelve-month period prior to filing the application and the source or sources of each amount of money, whether the amount is listed as a deposit on his inmate account ledger sheet or not.

*Id.* at 11. The docket reflects that the Clerk mailed a copy of the ruling to Brown on March 14, 2019. Thus, at the time of the filing of the prisoner's application to proceed *in forma pauperis* in this action on August 18, 2020, Brown was fully aware of his obligation to disclose the amounts of any settlement proceeds that he had received as well as any other deposits made to his inmate account and the sources of those deposits in response to question six of the application.

## Conclusion

For these reasons, the Order, [**ECF No. 8**], granting the Application to Proceed In Forma Pauperis, [**ECF No. 2**], is **VACATED**. The Court does not dismiss the complaint but orders the matter stayed until December 2, 2020 to enable Brown to submit the filing fee. Failure to do so will result in the dismissal of this case.

SO ORDERED at Bridgeport, Connecticut this 2nd day of November 2020.

_____/s/_____
Kari A. Dooley
United States District Judge